IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANTHONY B.,[1]

               Plaintiff,

        v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

               Defendant.

Case No. 3:22-cv-00407-SB

**OPINION AND ORDER**

Anthony B. ("Plaintiff"), a self-represented plaintiff, filed a complaint challenging the Commissioner of the Social Security Administration's ("Commissioner") alleged failure to comply with an Administrative Law Judge's ("ALJ") decision requiring the Commissioner to issue Plaintiff a refund for past recoupment of overpayments. (Compl. at 4, ECF No. 1.) The parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).

Now before the Court is the Commissioner's motion to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. (Mot.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party.

Dismiss at 2, ECF No. 11.) For the reasons discussed below, the Court orders the parties to submit supplemental briefing.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(1) provides that a party may challenge the federal court's jurisdiction over the subject matter of a complaint. *See* FED. R. CIV. P. 12(b)(1). "As the party invoking the court's jurisdiction, the plaintiff bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested." *Navaie v. Soc. Sec. Servs.*, CV 06-637-TC, 2006 WL 8446605, at *1 (D. Or. Dec. 6, 2006) (citation omitted), *findings and recommendation adopted*, 2007 WL 9752975 (D. Or. Jan. 9, 2007).

Section 405(g) of Title 42 of the United States Code limits judicial review of Social Security cases to "final decision[s] of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g). If the claimant does not meet the requirements of § 405(g), the Court has subject matter jurisdiction only if a claimant asserts a "colorable constitutional claim." *Califano v. Sanders*, 430 U.S. 99, 109 (1977).

"Pro se complaints are construed liberally and 'held to less stringent standards than formal pleadings drafted by lawyers.'" *Hoffman v. Preston*, 26 F.4th 1059, 1063 (9th Cir. 2022) (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)). The court must "afford [a self-represented plaintiff] the benefit of any doubt." *Hoffman*, 26 F.4th at 1063 (quoting *Hebbe*, 627 F.3d at 342).

## DISCUSSION

The Commissioner moves to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(1) on the ground that the Court lacks subject matter jurisdiction. (Mot. Dismiss at 2.) Specifically, the Commissioner asserts that Plaintiff did not request Appeals Council

review of the ALJ's decision, and his failure to exhaust administrative remedies precludes judicial review. (*Id.*)

The record before the Court reflects that the Commissioner began paying Plaintiff supplemental security income benefits in or about 2002. (ALJ Decision (Nov. 16, 2021) ("ALJ Decision"), Decl. of Christianne Voegele, Ex. 11 at 60-64, ECF No. 11-1.) More than once, the Commissioner overpaid benefits to Plaintiff, and then sought to deduct the overpayments from his benefits payments. (*Id.*) Plaintiff requested reconsideration of the Commissioner's determination, and then a hearing. (*Id.*)

Following a hearing on October 7, 2021, the ALJ issued a fully favorable decision, waiving any overpayments based on a finding that recovering the overpayments from Plaintiff would be "against equity and good conscience." (*Id.* at 62-63.) The ALJ noted that the Social Security Administration ("SSA") had not clearly explained the source of the overpayments to Plaintiff, and it was "probable" that the SSA had double charged Plaintiff for some of the overpayments. (*Id.* at 63.) The ALJ ordered the Commissioner to recalculate and explain the overpayments to Plaintiff with specific dates and sources, and issue a refund to Plaintiff if owed. (*Id.* at 63-64.)

Plaintiff filed this action on March 11, 2022, arguing that the Commissioner has "blatantly ignored" both the ALJ's November 16, 2021 decision, as well as an August 2018 fully favorable ALJ decision finding that the Commissioner had previously erred in calculating overpayments. (Compl. at 4; *see also* ALJ Decision at 60-64.)

There appears to be no dispute that Plaintiff did not request Appeals Council review of the ALJ's November 16, 2021, fully favorable decision. If Plaintiff sought to appeal the ALJ's decision here, the Court would dismiss the complaint for failure to exhaust the required

administrative procedures. *See, e.g.*, *Bass v. Soc. Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989)

("A claimant's failure to exhaust the procedures set forth in the Social Security Act, 42 U.S.C. §

405(g), deprives the district court of jurisdiction." (citing *Heckler v. Ringer*, 466 U.S. 602, 617

(1984) and *Ensey v. Richardson*, 469 F.2d 664, 666 (9th Cir. 1972))).

However, Plaintiff does not disagree with the ALJ's fully favorable decision, and does

not seek to appeal that decision here. Instead, Plaintiff alleges that the Commissioner has failed

to process his refund in accord with the ALJ's decision. (*See* Compl. at 4; Pl.'s Resp. Mot.

Dismiss at 1-3, ECF No. 12.) Affording Plaintiff the benefit of any doubt, he may be alleging

that the Commissioner violated his right to due process by ignoring the ALJ decision and failing

to process his refund. *See Hoover v. Colvin*, No. 3:13-cv-00823-SI, 2013 WL 6385925, at *3 (D.

Or. Dec. 6, 2013) ("Applicants for social security disability benefits are entitled to due process in

the determination of their claims." (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)));

*Tyson v. Astrue*, No. 11-cv-1023, 2012 WL 2568060, at *2 (W.D. Wash. June 11, 2012) (stating

that the parties "agree that a showing of a protectable property interest denied without due

process suffices to establish jurisdiction, and that plaintiff has a property interest in social

security benefits"), *findings and recommendation adopted*, 2012 WL 2564842, at *1 (W.D.

Wash. June 28, 2012).

The Court may waive the exhaustion requirement if Plaintiff has stated a constitutional

claim that is "(1) collateral to a substantive claim of entitlement, (2) colorable, and (3) 'one

whose resolution would not serve the purposes of exhaustion.'" *Hoye v. Sullivan*, 985 F.2d 990,

991 (9th Cir. 1992) (quoting *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987)); *Dexter v.

Colvin*, 731 F.3d 977, 980 (9th Cir. 2013) ("An exception to this rule [§ 405(g)'s finality

requirement] exists for any colorable constitutional claim of due process violation that implicates

a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination.") (simplified); *Subia v. Comm'r of Soc. Sec.*, 264 F.3d 899, 902 (9th Cir. 2001) ("We may waive [the claimant]'s failure to exhaust her remedies and grant her judicial review if she asserts colorable constitutional claims." (citing *Hoye*, 985 F.2d at 991)); *see also Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008) ("A constitutional claim is colorable if it is not wholly insubstantial, immaterial, or frivolous. . . . [T]he claim must be supported by facts sufficient to state a violation of substantive or procedural due process.") (simplified). The parties have not had an opportunity to address whether Plaintiff's complaint satisfies this three-part test.

Therefore, the Court orders the parties to submit supplemental briefing on the issue of whether Plaintiff has stated a colorable constitutional claim, and whether the Court should therefore waive the exhaustion requirement.

## CONCLUSION

For the reasons stated, the Court ORDERS the parties to submit supplemental briefing on the issue of whether Plaintiff has stated a colorable constitutional claim, and whether the Court should therefore waive the exhaustion requirement. The parties shall file their supplemental briefs on or before December 6, 2022.

**IT IS SO ORDERED.**

DATED this 16th day of November, 2022.

HON. STACIE F. BECKERMAN
United States Magistrate Judge