IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ANTHONY B.,[1] | Case No. 3:22-cv-00407-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security,[2] | |
| Defendant. | |

    Anthony B. ("Plaintiff"), a self-represented plaintiff, filed a complaint challenging the Commissioner of the Social Security Administration's ("Commissioner") alleged failure to comply with an Administrative Law Judge's ("ALJ") decision requiring the Commissioner to issue Plaintiff a refund for past recoupment of overpayments. (Compl. at 4, ECF No. 1.) The parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).

///

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party.

[2] Kilolo Kijakazi became the acting Commissioner of the Social Security Administration on or about July 9, 2021 and is substituted as the defendant. *See* FED. R. CIV. P. 25(d)(1).

PAGE 1 – OPINION AND ORDER

Now before the Court is the Commissioner's motion to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. (Mot. Dismiss at 2, ECF No. 11.) For the reasons discussed below, the Court denies the Commissioner's motion to dismiss.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(1) provides that a party may challenge the federal court's jurisdiction over the subject matter of a complaint. *See* FED. R. CIV. P. 12(b)(1). "As the party invoking the court's jurisdiction, the plaintiff bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested." *Navaie v. Soc. Sec. Svcs.*, CV 06-637-TC, 2006 WL 8446605, at *1 (D. Or. Dec. 6, 2006) (citation omitted), *findings and recommendation adopted*, 2007 WL 9752975 (D. Or. Jan. 9, 2007).

Section 405(g) of Title 42 of the United States Code limits judicial review of Social Security cases to "final decision[s] of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g). If the claimant does not meet the requirements of § 405(g), the Court has subject matter jurisdiction only if a claimant asserts a "colorable constitutional claim." *Califano v. Sanders*, 430 U.S. 99, 109 (1977).

"Pro se complaints are construed liberally and 'held to less stringent standards than formal pleadings drafted by lawyers.'" *Hoffman v. Preston*, 26 F.4th 1059, 1063 (9th Cir. 2022) (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)). The court must "afford [a self-represented plaintiff] the benefit of any doubt." *Hoffman*, 26 F.4th at 1063 (quoting *Hebbe*, 627 F.3d at 342).

## DISCUSSION

The Commissioner moves to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(1) on the ground that the Court lacks subject matter jurisdiction. (Mot. Dismiss

PAGE 2 – OPINION AND ORDER

at 2.) Specifically, the Commissioner asserts that Plaintiff did not request Appeals Council review of the ALJ's decision, and his failure to exhaust administrative remedies precludes judicial review. (*Id.*)

The record before the Court reflects that the Commissioner began paying Plaintiff supplemental security income benefits in or about 2002. (ALJ Decision (Nov. 16, 2021) ("ALJ Decision"), Decl. of Christianne Voegele, Ex. 11 at 60-64, ECF No. 11-1.) More than once, the Commissioner overpaid benefits to Plaintiff, and then sought to deduct the overpayments from his benefits payments. (*Id.*) Plaintiff requested reconsideration of the Commissioner's determination, and then a hearing. (*Id.*)

Following a hearing on October 7, 2021, the ALJ issued a fully favorable decision, waiving any overpayments based on a finding that recovering the overpayments from Plaintiff would be "against equity and good conscience." (*Id.* at 62-63.) The ALJ noted that the Social Security Administration ("SSA") had not clearly explained the source of the overpayments to Plaintiff, and it was "probable" that the SSA had double charged Plaintiff for some of the overpayments. (*Id.* at 63.) The ALJ ordered the Commissioner to recalculate and explain the overpayments to Plaintiff with specific dates and sources, and issue a refund to Plaintiff if owed. (*Id.* at 63-64.)

Plaintiff filed this action on March 11, 2022, asserting that the Commissioner has "blatantly ignored" both the ALJ's November 16, 2021 decision, as well as an August 2018 fully favorable ALJ decision finding that the Commissioner had previously erred in calculating overpayments. (Compl. at 4; *see also* ALJ Decision at 60-64.)

There appears to be no dispute that Plaintiff did not request Appeals Council review of the ALJ's November 16, 2021, fully favorable decision. If Plaintiff sought to appeal the ALJ's

PAGE 3 – OPINION AND ORDER

decision here, the Court would dismiss the complaint for failure to exhaust the required administrative procedures. *See, e.g.*, *Bass v. Soc. Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) ("A claimant's failure to exhaust the procedures set forth in the Social Security Act, 42 U.S.C. § 405(g), deprives the district court of jurisdiction." (citing *Heckler v. Ringer*, 466 U.S. 602, 617 (1984) and *Ensey v. Richardson*, 469 F.2d 664, 666 (9th Cir. 1972))). However, Plaintiff does not disagree with the ALJ's fully favorable decision, and does not seek to appeal that decision here. Instead, Plaintiff alleges that the Commissioner has failed to providing an accounting of his overpayments or process his refund in accord with the ALJ's decision. (*See* Compl. at 4; Pl.'s Resp. Mot. Dismiss at 1-3, ECF No. 12.)

The Court may waive the exhaustion requirement if Plaintiff has stated a constitutional claim that is "(1) collateral to a substantive claim of entitlement, (2) colorable, and (3) 'one whose resolution would not serve the purposes of exhaustion.'" *Hoye v. Sullivan*, 985 F.2d 990, 991 (9th Cir. 1992) (quoting *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987)); *Dexter v. Colvin*, 731 F.3d 977, 980 (9th Cir. 2013) ("An exception to this rule [§ 405(g)'s finality requirement] exists for any colorable constitutional claim of due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination.") (simplified); *Subia v. Comm'r of Soc. Sec.*, 264 F.3d 899, 902 (9th Cir. 2001) ("We may waive [the claimant]'s failure to exhaust her remedies and grant her judicial review if she asserts colorable constitutional claims." (citing *Hoye*, 985 F.2d at 991)); *see also Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008) ("A constitutional claim is colorable if it is not wholly insubstantial, immaterial, or frivolous. . . . [T]he claim must be supported by facts sufficient to state a violation of substantive or procedural due process.") (simplified). On November 14, 2022, the Court ordered supplemental briefing on whether

PAGE 4 – OPINION AND ORDER

Plaintiff has stated a colorable constitutional claim, and whether the Court should therefore waive the exhaustion requirement, and both parties filed supplemental briefs. (*See* ECF Nos. 15-16.)

Based on Plaintiff's allegations in the complaint, and affording him the benefit of any doubt as a self-represented party, the Court finds that Plaintiff has stated a plausible claim that the Commissioner violated his right to due process by ignoring the ALJ decision, failing to process his refund, and failing to respond to his requests for information. *See Hoover v. Colvin*, No. 3:13-CV-00823-SI, 2013 WL 6385925, at *3 (D. Or. Dec. 6, 2013) ("Applicants for social security disability benefits are entitled to due process in the determination of their claims." (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971))); *Tyson v. Astrue*, No. 11-cv-1023, 2012 WL 2568060, at *2 (W.D. Wash. June 11, 2012) (stating that the parties "agree that a showing of a protectable property interest denied without due process suffices to establish jurisdiction, and that plaintiff has a property interest in social security benefits"), *findings and recommendation adopted*, 2012 WL 2564842, at *1 (W.D. Wash. June 28, 2012).

The Court further finds that Plaintiff's constitutional claim is collateral to a substantive claim of entitlement, is colorable, and is a claim whose resolution would not serve the purposes of exhaustion. *See Hoye*, 985 F.2d at 991. Specifically, Plaintiff is not seeking to appeal the merits of the ALJ's fully favorable opinion, nor seeking to relitigate his entitlement to benefits. Rather, accepting Plaintiff's allegations as true, the Commissioner is refusing to pay Plaintiff a refund that an ALJ ordered he is due or provide him with an accounting demonstrating that no refund is due.

The Commissioner argues that Plaintiff's due process claim is not colorable because he merely alleges that the Commissioner is withholding his money and does not allege that he has

PAGE 5 – OPINION AND ORDER

raised his concerns with the agency. (Def.'s Supp. Br. at 2.) On the contrary, Plaintiff attached to his complaint a copy of a letter he sent to the agency prior to filing this case, giving the agency ten days to respond to his "last" attempt to receive a full accounting of his benefits and any relevant offsets and noting that he has made the same request "over 50x" in the last "2+" years. (Compl. at 6-7.)

In light of Plaintiff's allegations on the face of his complaint and the letter attached thereto, the Court finds that Plaintiff's due process claim is not "wholly insubstantial, immaterial, or frivolous." *Klemm*, 543 F.3d at 1144. Because Plaintiff has stated a colorable constitutional claim, the Court waives the exhaustion requirement and finds that the Court has subject matter jurisdiction over Plaintiff's due process claim. *Cf. Lowry v. Soc. Sec. Admin.*, No. CV-99-1210-ST, 2000 WL 730412, at *9 (D. Or. June 7, 2000) ("[The plaintiff] seeks [relief] based on deprivation of his procedural and substantive due process rights. The source of these claims is the United States Constitution and not the Social Security Act. Further, [the plaintiff's] claims are not inextricably intertwined with the Social Security Act because he does not seek to recover benefits. Therefore, although § 405(h) requires actions arising under the Social Security Act to be brought under § 405(g) (which expressly limits the circumstances under which a claimant may sue the Commissioner), it does not limit [the plaintiff's] constitutional claims in this action. Further, because [the plaintiff's] claims do not arise under the Social Security Act, he is not required to first exhaust any administrative procedures before bringing his constitutional claims.").

## CONCLUSION

For the reasons stated, the Court DENIES the Commissioner's motion to dismiss (ECF No. 11). The Commissioner shall answer the complaint by February 6, 2023.

PAGE 6 – OPINION AND ORDER

The parties shall notify the Court if they are willing to participate in court-sponsored mediation or a judicial settlement conference. If both parties are interested and notify the Court by February 6, 2023 (at sbpropdoc@ord.uscourts.gov), the Court will appoint counsel to represent Plaintiff for the limited purpose of negotiating a resolution of his claim and will schedule a half-day mediation or judicial settlement conference at the parties' convenience.

**IT IS SO ORDERED.**

DATED this 23rd day of January, 2023.

_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge